Filed 4/4/23 In re S.H. CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re S.H., a Person Coming Under the Juvenile Court Law. | |
| SAN FRANCISCO HUMAN SERVICES AGENCY, Plaintiff and Respondent, v. Anthony H., Defendant and Appellant. | A164981 (City and County of San Francisco Super. Ct. No. JD21-3137) |

Appellant Anthony H. appeals from a juvenile court order denying his request for presumed father status of S.H., a baby girl. After Anthony H. appealed, the juvenile court terminated his and S.H.'s mother's parental rights, and the order became final. Because we agree with respondent San Francisco Human Services Agency (Agency) that the appeal is moot, we dismiss it.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In May 2021, S.H. came to the attention of the Agency when it received a report of general neglect. She was removed from the home where she had

1

been living with her mother and Anthony H. Mother was parenting S.H. with Anthony H, and S.H. has his last name.

In July 2021, the Agency received reports that S.H.'s mother had identified five possible fathers. Anthony H. was one of three identified men who came forward as possible fathers. The following month, Anthony H. informed the Agency and juvenile court that S.H. was his daughter and that he and S.H.'s mother continued to live in the same household during the case plan. Anthony H. admitted that he was not present for S.H.'s birth and did not sign her birth certificate because he was hospitalized at that time.

In September 2021, the juvenile court took jurisdiction over S.H. (Welf. & Inst. Code, § 300, subd. (b)[1]) and ordered out-of-home placement with a maternal relative. The court ordered that reunification services be provided for S.H.'s mother, but not Anthony H. since he was an alleged father.[2] The court ordered paternity testing for Anthony H. Anthony H. missed his first scheduled paternity test, and a test taken two weeks later showed he was not S.H.'s biological parent. Neither of the other two men who came forward were identified as the biological father.

In January 2022, Anthony H. filed a petition under section 388, asking that he be elevated to presumed-father status. In his supporting declaration, Anthony H. attested that he had held S.H. out as his child and told family and friends that S.H. was his child. He stated that S.H. came home to his residence after she was born and that he had cared for her there with her mother. Anthony H. further stated that no one else had stepped forward to

[1] All statutory references are to the Welfare and Institutions Code.

[2] Mother appealed from the jurisdictional order and argued that the Agency and juvenile court failed to comply with their inquiry duties under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.). We affirmed in *In re S.H.* (2022) 82 Cal.App.5th 166.

2

assume responsibility for S.H. and that he was prepared to care and accept responsibility for her.

The Agency opposed the section 388 petition. Given Anthony H.'s minimal efforts under the reunification plan, the Agency stated that he was not ready to parent S.H. At the contested paternity hearing, Anthony H. affirmed that he considered S.H. to be his daughter, he cared for her, he and S.H.'s mother were a couple, and they held themselves out as a couple. The juvenile court concluded that Anthony H. had not demonstrated a sufficient commitment to his parental responsibilities to be elevated to presumed father, and denied the section 388 petition.

After Anthony H. appealed, the juvenile court terminated the parental rights of Anthony H., S.H.'s mother, and any alleged and unknown fathers to S.H. The order became final when no party appealed.[3]

II.

DISCUSSION

Anthony H. argues that he satisfied the requirements of presumed father status. We agree with the Agency that his appeal is moot, and we decline to exercise our discretion to review the appeal's merits.

A parent must demonstrate a specific legal or practical consequence that will be averted upon reversal of the case in order for the dependency appeal to not be moot and warrant a merits review. (*In re D.P.* (2023) 14 Cal.5th 266, 283 (*D.P.*).) The court must decide on a case-by-case basis if subsequent events in a juvenile dependency matter make a case moot and whether its decision would impact the outcome in a subsequent proceeding. (*Id.* at p. 276.) The critical factor in considering whether a dependency

---

[3] The Agency filed a request for judicial notice of the juvenile court's January 11, 2023 order terminating parental rights. The unopposed request is granted.

appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.  (*In re N.S.* (2016) 245 Cal.App.4th 53, 60 (*N.S.*).)  If a parent does not make this showing, the case is moot and may be dismissed if the court does not exercise its discretion to review the merits.  (*Ibid.*)

An order of the court permanently terminating parental rights is conclusive unless the court receives a timely direct appeal from the order, in which case the court can set aside, change, or modify the order.  (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1161.)  Since Anthony H.'s parental rights to S.H. have been permanently terminated, we no longer have the power to restore those rights, even if we agreed with his contention that he established presumed-father status.  (See *N.S.*, *supra*, 245 Cal.App.4th at p. 60.)  Therefore, no effective relief can be granted and the appeal is moot.

True, a reviewing court has the discretion to decide on a case-by-case basis if a moot dependency case should still be reviewed on the merits.  (*D.P.*, *supra*, 14 Cal.5th at p. 283.)  No single factor is required for the court to decide to exercise discretion, but the court should be guided by the overarching goal of the dependency system to provide maximum safety for children, with a focus on preservation of the family and the safety, protection, and well-being of the child.  (*Id.* at p. 286.)  The court can consider factors such as why the case became moot or whether the challenged finding is based on particularly stigmatizing conduct, could be prejudicial to the appellant, could affect the child's placement, or could have consequences for future dependency proceedings.  (*Ibid.*)

Here, Anthony H. did not file a reply brief after the Agency argued that the appeal is moot.  He thus has not identified any factors in support of

4

addressing the merits of his claim, and we have not found any.  We thus decline to review the merits of this moot appeal.

### III.
### DISPOSITION

The Agency's January 12, 2023 request for judicial notice is granted.

The appeal is dismissed as moot.

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.


_____

Swope, J.*


*Judge of the Superior Court of the County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*In re S.H.* A164981

6